Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIC SELECTION, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOSHINE, INC., a New York corporation d/b/a "CHICSHE"; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>1. DIRECT COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff FABRIC SELECTION, INC. (hereinafter "FSI" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district, a substantial part of the injury took place in this district, and Defendants are subject t the court's personal jurisdiction with respect to this action.

## PARTIES

4. FSI is a corporation organized and existing under the laws of the State of California with its principal place of business in Commerce, California.

5. FSI is informed and believes and thereon alleges that Defendant Joshine, Inc. is a New York corporation doing business as "ChicShe" with its principal place of business at 111 Dart Cir, Rome, NY 13441 and is doing business in and with the State of California.

6. Upon information and belief, Defendants Does 1 through 10, inclusive, (collectively, "DOE Defendants") are other parties not yet identified who have infringed FSI's copyrights, have contributed to the infringement of FSI's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to FSI, which therefore sues said Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. FSI is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of FSI's rights and the damages to FSI proximately caused thereby.

## CLAIMS RELATED TO DESIGN SE60401

8. FSI owns an original two-dimensional artwork used for purposes of textile printing, entitled FSI's internal design number SE60401 ("Subject Design"), and registered the Subject Design with the U.S. Copyright Office.

9. The Subject Design is an original creation of FSI and/or FSI's design team, and is, and at all relevant times was, owned exclusively by FSI.

10. FSI widely disseminated the Subject Design to numerous parties in the fashion and apparel industries.

11. Following FSI's display and distribution of the Subject Design, FSI is informed and believes and thereon alleges that, without FSI's authorization, Defendants created, offered for sale, sold, manufactured, caused to be manufactured, imported, distributed, displayed, reproduced, and/or otherwise used fabric and/or garments featuring a design that is strikingly and/or substantially similar to the Subject Design without a license, authorization, or consent from FSI (the "Infringing Garments").

12. Representative examples comparing the Subject Design and Infringing Garments are below:



| Subject Design | ChicShe |
|---|---|
| Subject Design Detail | Detail |

13. The above comparisons make apparent that significant portions of the Subject Design, including the composition, arrangement, layout of floral elements,

- 5 -
COMPLAINT

and overall appearance of the design, including type of flowers and number of petals and leaves, is substantially similar to the design on the garments at issue.

14. FSI discovered the Infringing Garments in 2023, and had no reason to know of them prior to its discoveries.

# FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

15. FSI repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

16. FSI is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design including, without limitation, through (a) FSI's showroom and/or design library; (b) unlawfully distributed copies of the Subject Design by third-party vendors and/or DOE Defendants (e.g., international and/or overseas converters and printing mills); (c) FSI's strike-offs and samples; and/or (d) garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.

17. FSI is informed and believes and thereon alleges that one or more of the Defendants is a garment manufacturer and/or vendor; that said Defendant(s), and each of them, has/have an ongoing business relationship with Defendant retailers, and each of them; that said Defendant(s) supplied garments, including the Infringing Garments, to said Defendant retailers; and that said Defendant retailers used the Infringing Garments as alleged above.

18. Due to Defendants' acts of copyright infringement, FSI has suffered substantial damages to its business in an amount to be established at trial.

19. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of FSI's copyright in the Subject Design. FSI is entitled to

disgorgement of Defendants' profits attributable to Defendants' infringement of FSI's copyrights in the Subject Design in an amount to be established at trial.

20. FSI is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, FSI will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

21. FSI repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22. FSI is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction, distribution, and/or subsequent sales of garments featuring the Subject Design as alleged herein.

23. FSI is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

24. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged hereinabove, FSI has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

25. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect

profits they would not otherwise have realized but for their infringement of the Subject Design. As such, FSI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of FSI's rights in the Subject Design, in an amount to be established at trial.

26. FSI is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, FSI will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, FSI prays for judgment as follows:

### Against All Defendants

### With Respect to Each Claim for Relief

a. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants and/or their agents, be enjoined from importing, manufacturing, distributing, offering for sale, selling, or otherwise trafficking in any product that infringes FSI's copyrights in Subject Design, including the Infringing Garments;

b. That FSI be awarded all profits of Defendants plus all losses of FSI attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages under 17 U.S.C. § 504;

c. That FSI be awarded its attorneys' fees under 17. U.S.C. § 505;

d. That FSI be awarded pre-judgment interest as allowed by law;

e. That FSI be awarded the costs of this action; and

f. That FSI be awarded such further legal and equitable relief as the

Court deems proper.

**<u>JURY TRIAL DEMANDED</u>**

FSI demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: September 22, 2025

By: <u>/s/ Trevor W. Barrett</u>
Trevor W. Barrett, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*